COMMONWEALTH *vs.* THOMAS GANNON.

If a wife makes unlawful sales of intoxicating liquor in the presence and with the knowledge of her husband, he is liable on indictment therefor, if there is no evidence that she was not acting under his control and as his agent or servant.

The Gen. Sts. *c.* 108, have not changed or modified the rules of evidence or the legal presumptions applicable in criminal proceedings to married women and their acts.

INDICTMENT for being a common seller of intoxicating liquor. Trial in the superior court, before *Morton,* J., who signed the following bill of exceptions :

" At the trial there was but one witness, who testified substantially as follows : ' I knew Thomas Gannon ; he lives at North Attleboro ; he is a polisher, and works for Ira Richards & Co. who are manufacturers of jewelry ; and that has been his employment during the present year, so far as I know. I have had no whiskey of 'him, no time, the present year. I had some whiskey of his wife in April and May last, four different times, and paid her ten cents for it on each occasion. The defendant was present on all these occasions.' On cross-examination he also stated that, so far as he knew, the whiskey belonged to the wife, and, so far as he knew, she was in the business of selling intoxicating liquors ; but that he knew nothing about it. This was all the material evidence in the case. The defendant thereupon requested the judge to instruct the jury that the evidence was not sufficient to warrant a verdict of guilty ; but this request was refused. The defendant then asked the judge to instruct the jury that, upon the facts proved, they would not be warranted in finding that the acts of the wife were by the presumed coercion of the husband, or that he so directed or controlled her action in the sales as to make him criminally responsible for the acts of the wife growing out of the marital relation. This the judge declined to do, but instructed them that the government must prove that the wife, in making the sales testified to, was acting as the agent or servant of the husband, and that, if the wife made the sales in the presence and with the knowledge of the husband, the presumption is, if there is no evidence to the

contrary, that she was acting under his control, and as his agent or servant, and he would be liable therefor. The jury returned a verdict of guilty ; and the defendant alleged exceptions."

*J. Brown,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth.

BIGELOW, C. J.   The rule of law was correctly stated in the instructions.   The provisions of the statutes (Gen. Sts. *c.* 108) regulating the rights and liabilities of married women as to their property and in certain civil proceedings, have in nowise changed or modified the rules of evidence or the legal presumptions applicable to them and their acts in criminal proceedings. 1 Greenl. Ev. § 28.   *Commonwealth* v. *Burk,* 11 Gray, 437. *Commonwealth* v. *Feeney,* 13 Allen, 560.   *Commonwealth* v. *Wood, ante,* 225.                    *Exceptions overruled.*