## COMMONWEALTH *vs.* NANCY WELCH.

The conviction of a husband on an indictment under the Gen. Sts. *c.* 87, for maintaining a common nuisance by keeping a place for the illegal sale of intoxicating liquor, is no bar to the conviction of his wife for being a common seller of intoxicating liquor, although the government relies on testimony of the same witnesses to the same sales to prove both offences.

To an indictment of a wife for being a common seller of intoxicating liquor, the fact that her husband provided the liquor which she unlawfully sold not under his influence or coercion, is no defence.

COMPLAINT for being a common seller of intoxicating liquor.

At the trial in the superior court, on appeal, before *Ames,* C. J., it appeared in evidence that the defendant was at the time of the alleged offence, and ever since, the wife of one Michael Welch, and lived with him; and that he provided the liquors which were sold. There was also evidence tending to show that she made frequent sales of intoxicating liquor and received pay therefor, at their house; that at the time of some of these sales her husband was present in the room or about the premises, and that at the time of others he was absent from the premises.

The defendant offered in evidence a record of the superior court to prove that her husband had been indicted, convicted,

and fined under the Gen. Sts. *c.* 87, for keeping the place for the illegal sale of intoxicating liquors during the same period as that charged in this complaint, and had paid his fine; but the judge refused to admit the evidence, and ruled that the conviction of the husband, if proved, would be no bar to this prosecution, and also rejected evidence offered by the defendant to show that the conviction of her husband was on testimony of the same witnesses and proof of the same sales as those on which the government relied in this trial.

The defendant also requested the judge to rule " that if her husband were in the same or an adjoining room, or in the same house, yard, or immediate vicinity, when the sales were made, she would not, under the circumstances of this case, be liable criminally for such sales;" but the judge declined so to rule, but instructed the jury " that if the defendant made sales in her husband's presence, or while he was on the premises, or near at hand, she was to be presumed to be acting under his influence and coercion, but that there was no such presumption as to any sale when he was not present or about the premises, and if she made three or more separate sales when he was absent from home, she would be responsible criminally therefor."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. P. Harding,* for the defendant.

*C. Allen,* Attorney General, for the Commonwealth, submitted the case without argument.

CHAPMAN, J. It is well settled that the conviction of another person for the same offence cannot be pleaded or offered in evidence as a bar to a prosecution of this nature, and the evidence was properly rejected.

The instructions given by the judge as to the influence and coercion of the defendant's husband were in conformity with established principles. *Exceptions overruled.*