## Commonwealth vs. Mary Eagan.

At the trial of a married woman for an assault committed in the immediate presence of her husband, the defendant asked the judge to instruct the jury that she was presumed to act under her husband's control; but the judge refused, and instructed them that, if they were satisfied that she did the acts proved, of her own free will, free from the coercion or influence of her husband, they would be warranted in convicting her. *Held*, that the refusal to give the instruction asked for was erroneous.

The omission of the complainant's name from the body of a complaint signed by him does not affect the jurisdiction of the court, and cannot, therefore, under the St. of 1864, c. 250, § 3, be taken advantage of in arrest of judgment.

COMPLAINT " to the justice of the municipal court at Taunton, in the county of Bristol:                , of Taunton, in the county of Bristol, in behalf of the Commonwealth of Massachusetts, complains " that Michael Eagan, Mary Eagan and John Eagan made an assault and battery on Patrick Saxton. The complaint was signed " Willis Potter," and the clerk indorsed thereon that it was received and sworn to on August 3, 1869. Michael Eagan was acquitted; Mary Eagan, who was his wife, and John Eagan, who was their son, were convicted; and Mary Eagan appealed.

At the trial in the superior court, before *Pitman*, J., " the evidence showed that, while the defendant's husband and son were using angry words towards Saxton, the defendant, in the immediate presence of her husband, threw a pail of dirty water on Saxton. This was all the material evidence in the case. Upon these facts, the defendant asked the judge to instruct the jury that the presumption was that she acted under the coercion and

control of her husband, and should be acquitted; but the judge declined, and instructed the jury that, if they were satisfied that she did the acts proved of her own free will, free from the coercion or influence of her husband, they would be warranted in convicting her."

The defendant was found guilty and moved in arrest of judgment, " because it does not appear in the body of the complaint who was the complainant, and that such defect is apparent, and is in matter of substance and not of form." The motion was overruled, and the defendant alleged exceptions.

*J. Brown,* for the defendant.

·*G. Marston,* for the Commonwealth, to the point that the instructions were right, cited *The King* v. *Stapleton,* Jebb, 93; *Commonwealth* v. *Lewis,* 1 Met. 151 ; *Wagener* v. *Bill,* 19 Barb. 321 ; 3 Greenl. Ev. § 7.

MORTON, J. The assault of which the defendant was convicted was committed in the immediate presence of her husband. The presumption of law is, that she acted under his coercion. *Commonwealth* v. *Gannon,* 97 Mass. 547. *Commonwealth* v. *Burk,* 11 Gray, 437. It was a right of the defendant to have this principle of law stated to the jury Her counsel asked the court to instruct the jury " that the presumption was that she acted under the coercion and control of her husband, and should be acquitted." If there was evidence in the case to rebut the presumption in favor of the defendant, the court was justified in refusing to instruct the jury that she should be acquitted; but we think that the first part of the instruction requested should have been given. The instructions actually given would have been accurate if the court had also instructed the jury as to the presumption above stated, but by the refusal to do so the defendant was deprived of the benefit of this presumption as one of the elements proper for the consideration of the jury in determining her criminal liability.

The motion in arrest of judgment, being for a cause existing before verdict, and not affecting the jurisdiction of the court, must be overruled. St. 1864, *c.* 250, §§ 2, 3.

*Exceptions sustained.*