## STATE OF MAINE *vs.* ELIZABETH H. CLEAVES.

*The fact that the defendant in criminal prosecution did not testify may be considered by the jury. Husband's coercion—presumption of. Instruction.*

In the trial of a married woman on an indictment for being a common seller of intoxicating liquor, the fact that she did not testify in her own behalf is proper to be considered by the jury in determining the question of her guilt or innocence.

If a married woman sell intoxicating liquor contrary to law in the presence of her husband, the law presumes that she acts under the coercion of her husband; but this presumption may be rebutted.

Hence, in the trial of a married woman on an indictment for being a common-seller of intoxicating liquor, where it appeared that at some of the sales her husband was present, the presiding judge properly declined to instruct the jury, that if any of the sales were made by the wife in the presence of her husband, she would be presumed to act under his coercion, compulsion, or direction, and would not be liable for such sales.

ON EXCEPTIONS.

INDICTMENT against the defendant, a married woman, for being a common-seller of intoxicating liquors.

The evidence tended to show several sales, at some of which her husband, Joseph Cleaves, was present when the liquor was called for by the purchaser, and brought forward by the defendant; and on one occasion the husband drank some of it with the purchaser.

Defendant's counsel, in writing, requested the presiding judge to instruct the jury that if any of the sales were made by the wife, in the presence of her husband, she would be presumed to act under the coercion, compulsion, or direction of her husband, and would not be liable for such sales. But the judge declined to give the requested instruction.

The judge instructed the jury that the fact that the defendant did not go upon the stand to testify was a proper matter to be taken into consideration by them, in determining the question of her guilt or innocence.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*T. B. Reed,* attorney-general for the State.

*H. L. Whitcomb,* for the defendant.

APPLETON, C. J. The defendant, a married woman, was indicted for being a common seller of intoxicating liquors.

The presiding justice instructed the jury "that the fact that the defendant did not go upon the stand to testify was a proper matter to be taken into consideration by them in determining the question

of her guilt or innocence." To this instruction exceptions were seasonably taken.

The statute authorizing the defendant in criminal proceedings, at his own request, to testify, was passed for the benefit of the innocent and for the protection of innocence.

The defendant, in criminal cases, is either innocent or guilty. If innocent, he has every inducement to state the facts, which would exonerate him. The truth would be his protection. There can be no reason why he should withhold it, and every reason for its utterance.

Being guilty, if a witness, a statement of the truth would lead to his conviction, and justice would ensue. Being guilty, and denying his guilt as a witness, an additional crime would be committed, and the peril of a conviction for a new offense incurred.

But the defendant, having the opportunity to contradict or explain the inculpative facts proved against him, may decline to avail himself of the opportunity thus afforded him by the law. His declining to avail himself of the privilege of testifying is an existent and obvious fact. It is a fact patent in the case. The jury cannot avoid perceiving it. Why should they not regard it as a fact of more or less weight in determining the guilt or innocence of the accused? All the analogies of the law are in favor of their regarding this as an evidentiary fact. All the acts of a party accused, whatever explains or throws light upon those acts, all the acts of others, relative to the crime charged, that come to his knowledge and which may influence him; his loves and his hates, his promises, his threats, the truth of his discourses, the falsehood of his apologies, pretenses, and explanations ; his looks, his speech, his silence when called upon to speak ; everything which tends to establish the connection between the accused and the crime with which he is charged ; every circumstance preceding, accompanying, or following may become articles of circumstantial evidence of no slight importance. " A statement is made either to a man or within his hearing, that he was concerned in the commission of a given crime, to which he returns no reply ; the natural inference is, that the

imputation is well founded or he would have repelled it,—" silence is tantamount to confession." Best on Presumptions, § 241. Extrajudicial non-responsion, when a charge is made, is always regarded as an article of circumstantial evidence, the probative effect of which may be weakened by various infirmative considerations, which it is not now necessary to discuss, but which are to be considered and weighed by the jury.

When the prisoner is on trial, and the evidence offered by the government tends to establish his guilt, and he declines to contradict or explain the inculpatory facts which have been proved against him, is not that a fact ominous of criminality? Is his silence of any the less probative force, when thus in court called upon to contradict or explain, by the pressure of criminative facts, fully proved, than his extrajudicial silence when a charge is made to him or in his presence? The silence of the accused,—the omission to explain or contradict, when the evidence tends to establish guilt is a fact,— the probative effect of which may vary according to the varying conditions of the different trials in which it may occur,—which the jury must perceive, and which perceiving they can no more disregard than one can the light of the sun, when shining with full blaze on the open eye.

It has been urged that this view of law places the prisoner in an embarrassed condition. Not so. The embarrassment of the prisoner, if embarrassed, is the result of his own previous misconduct, not of the law. If innocent, he will regard the privilege of testifying as a boon justly conceded. If guilty, it is optional with the accused to testify or not, and he cannot complain of the election he may make. If he does not avail himself of the privilege of contradiction or explanation, it is his fault, if by his own misconduct or crime he has placed himself in such a situation that he prefers any inferences which may be drawn from his refusal to testify, to those which must be drawn from his testimony, if truly delivered.

The instruction given was correct and in entire accordance with the conclusions to which, after mature deliberation, we have arrived. *State* v. *Bartlett*, 55 Maine, 200 ; *State* v. *Lawrence*, 57 Maine, 575,

It appeared that at some of the sales, the husband of the defendant was present, when the liquor was called for by the purchaser and delivered by the defendant.

The presiding judge was requested to instruct the jury, " that if any of the sales were made by the wife, in the presence of her husband, she would be presumed to act under the coercion, compulsion, or direction of her husband, and would not be liable for such sales." This instruction he declined to give.

It is a general rule of the common law, that if a married woman commit an offense in the presence of her husband (with certain exceptions, of which the unlawful sale of intoxicating liquors is not one), his coercion will be presumed, and, unless rebutted, the wife will be entitled to an acquittal. Such is the law of England, and such has always been regarded the law in this country. *Commonwealth* v. *Neal*, 10 Mass. 152. A married woman cannot be punished for a sale of intoxicating liquors, either as principal or as agent of her husband, if he is near enough for her to be under his influence and control even if he is not in the same room with her. *Commonwealth* v. *Burk*, 11 Gray, 437. " The law, observes Thomas, J., " regards her as not in the exercise of her own discretion and will, and, therefore, as incapable of committing an offense." In *Commonwealth* v. *Egan*, 103 Mass. 71, the complaint was for an assault. Morton, J., in delivering the opinion, says: " The assault of which the defendant was convicted was committed in the immediate presence of her husband, and the presumption of law is that she acted under his coercion." *Commonwealth* v. *Garrison*, 97 Mass. 547.

When the wife sells intoxicating liquors in the absence of her husband, she may be indicted as a common seller. *Commonwealth* v. *Murphy*, 2 Gray, 210. When the wife offends alone, she is responsible for her offense equally as if sole. *State* v. *Nelson*, 29 Maine, 329.

But the presumption of law, that the wife committed an offense by the coercion of the husband when he was present, is very slight, and may be rebutted by very slight circumstances. The

presumption is in no respect conclusive. While, therefore, the first portion of the request was legally correct, the conclusion contained in the last clause, that she "would not be liable for such sales," is incorrect. She might be liable notwithstanding the presence of her husband, for the attendant circumstances might entirely negative influence or coercion on his part. The request did not recognize the distinction between a *prima facie* presumption which might be, and a conclusive presumption which could not be contradicted, but was so framed as to give to the former the force and effect of a presumption of law, to which it was in no respect entitled. *Marshall* v. *Oakes*, 51 Maine, 308.

Now when a request is made it must, in its totality, be sound law, else it is properly withheld. It is for the party making a request to see to its correctness at his peril. It is for the court to take care that the instructions given are in accordance with the law. It is no part of its duty to eliminate the errors in an instruction which they are requested to give,—to select a portion and to refuse the residue of the request. *Exceptions overruled.*

KENT, WALTON, DICKERSON, BARROWS, and TAPLEY, JJ., concurred.