COMMONWEALTH *vs.* MARY ROBERTS.

Barnstable.   Jan. 24. — March 6, 1882.   ENDICOTT & FIELD, JJ., absent.

A married woman may be convicted, upon an indictment under the Gen. Sts. *c.* 87, §§ 6, 7, of keeping and maintaining a common nuisance, by proof of illegal sales by her of intoxicating liquors, in the absence of her husband, in the dwelling-house occupied by them and hired by him.

INDICTMENT under the Gen. Sts. *c.* 87, §§ 6, 7, for keeping and maintaining a common nuisance, to wit, a certain tenement in Provincetown used for the illegal sale and illegal keeping of intoxicating liquors, on January 1, 1881, and on divers other days and times between that day and September 1, 1881. Trial in the Superior Court, before *Brigham*, C. J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that, without any license or lawful authority whatever, the defendant, a married woman, sometimes while her husband was at home and within their dwelling-house, and sometimes in his absence, made unlawful sales of intoxicating liquors in said dwelling-house to three different persons, at several different times, during the times alleged in the indictment; that the defendant's husband was a fisherman by trade, and, during a considerable period of the time covered by the indictment, was absent at sea carrying on his business. There was no evidence that he took any part in making or directing the sales in his presence testified to, other than what might be inferred from his presence and relation to the defendant. The defendant testified that she received no pay for any liquor delivered by her as testified to; and that in the transactions in evidence, relied upon as evidence of sales by her, she made no sale of liquor. It appeared that said dwelling-house was hired by the defendant's husband alone; and that, during his absence, the defendant with her family lived in the house as wives and families ordinarily do under such circumstances.

The defendant asked the judge to rule as follows: " 1. It is the place or tenement kept or maintained for the illegal keeping or sale of intoxicating liquors that is declared to be the nuisance. 2. The defendant cannot be convicted of keeping or maintaining

a common nuisance under the Gen. Sts. c. 87, unless she keeps or maintains the building, place or tenement used for the illegal keeping or sale of intoxicating liquors. 3. If the building, place or tenement used for the illegal keeping or sale of intoxicating liquors was the building, place or tenement of her husband, either by ownership or lease, or was occupied by him by license from the owner, she was not in law during his temporary absence the keeper or maintainer of the same, and cannot be convicted of the offence charged in the indictment. 4. If the defendant was living in the house or tenement as a wife usually lives in her husband's house or tenement, she does not keep or maintain such house or tenement."

The judge declined to give the rulings requested, and instructed the jury " that, if the defendant, at any time alleged in the indictment, in the absence of her husband at sea, kept and used the house, in which she and her husband when he was on shore lived together as husband and wife, for the illegal keeping or illegal sale of intoxicating liquor, she might be convicted under this indictment, notwithstanding her husband hired and paid the rent of such house; that, if unlawful sales were made by her in the absence of her husband, the indictment was made out, and the jury would find her guilty."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. M. Day*, for the defendant.

*G. Marston*, Attorney General, (*C. H. Barrows*, Assistant Attorney General, with him,) for the Commonwealth.

W. ALLEN, J. The rulings prayed for, and the instructions given, do not relate to the sufficiency of the evidence to establish the character of the house kept, but solely to the question whether the defendant was responsible for it. The instructions are, in effect, that the defendant would be responsible for the use she made of the house in the absence of her husband, and for unlawful sales made there by her in his absence. The last sentence evidently refers to the evidence of sales made by her, sometimes in the presence of her husband, and sometimes in his absence, and was intended to restrict the attention of the jury to those made in his absence. If construed by itself, out of its connections, it would require the jury to convict the defendant

if she made any unlawful sales at any time or place, in the absence of her husband.  Taken in its proper connections the meaning is plain, and the instructions are in conformity with well established and familiar principles.

*Exceptions overruled.*