## COMMONWEALTH vs. SUSAN E. HOPKINS.

Hampshire. Sept. 19. — 28, 1882. ENDICOTT, LORD & FIELD, JJ., absent.

A complaint for keeping a disorderly house may be maintained by proof that only one person in the neighborhood or community was disturbed or annoyed, if the acts done were of such a nature as tended to annoy all good citizens.

A married woman may be convicted of keeping a disorderly house, if she acts of her own free will and without any coercion by her husband.

DEVENS, J. This is a complaint for keeping a "common, ill-governed and disorderly house." The defendant requested the judge to instruct the jury, that the offence complained of "must be such an inconvenience and troublesome offence as annoyed the whole community in general, and not merely some particular person." If by this it was contemplated that actual annoyance must be proved to have been occasioned to more than one particular person, it was incorrect. It was sufficient if the acts of disorder, shown to have been committed or permitted by the defendant in the management of her house, were of such a nature as tended to annoy all good citizens, and did in fact annoy any one. *Commonwealth* v. *Oaks*, 113 Mass. 8. Such was the instruction given in substance. The presiding judge did not, as the defendant contends, instruct the jury merely, "that, if one person in the neighborhood or community was disturbed or

annoyed, that was sufficient;" but added thereto, and as a part of the same sentence, "that the defendant might be convicted, provided the other circumstances necessary to constitute the offence appeared."

As the bill of exceptions concedes that the offence was clearly defined to the jury in all material points, other than those objected to, and as the instruction contemplates not only that one person shall have been actually annoyed, but that the other circumstances necessary to constitute the offence shall appear, the defendant was thus to be convicted only upon proof of actual annoyance to one person by acts of disorder of such a character, and under such circumstances, as would tend to annoy all persons similarly situated. To this instruction the defendant had no just ground of objection, and it was all that the case required.

Whether in offences relating to domestic matters and the government of the house, in which the wife may be supposed to have a principal share, the law presumes that the wife acts under the coercion of the husband when in his presence, need not be discussed. 1 Hawk. P. C. c. 1, § 12. *Dixon's case*, 10 Mod. 336. Roscoe's Crim. Ev. (7th Am. ed.) 986. *Commonwealth* v. *Lewis*, 1 Met. 151. Assuming this to be so, the instruction on this part of the case was sufficiently favorable to the defendant. There is certainly no such presumption that may not be rebutted. The instructions treated the acts done by the defendant when in the presence of the husband as being *prima facie* under his coercion, and compelled the prosecution to prove that, in keeping and maintaining the house, she did so of her own free will and without coercion by him. *Commonwealth* v. *Lewis, ubi supra. Commonwealth* v. *Eagan*, 103 Mass. 71.                                         *Exceptions overruled.*

*J. B. O'Donnell*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.