## COMMONWEALTH *vs.* OWEN F. McMAHON.

Hampshire.    Sept. 19. — Oct. 2, 1882.    ENDICOTT, LORD & FIELD, JJ., absent.

A complaint to a trial justice by "A. W. T." alleged that the defendant, "on the twenty-fifth day of May," committed a certain offence; was dated "this twenty-fifth day of June;" and was signed by "A. W. K., complainant." The jurat was dated "this twenty-fifth day of May." The warrant issued by the trial justice directed the officer to arrest the defendant, to answer "on the foregoing complaint of A. W. K., this day made on oath before me;" and was dated "this twenty-fifth day of May." The return of the officer stated that he arrested the defendant "on June 1st." The record further showed that a hearing was had on the complaint before the magistrate on June 3, and the defendant was adjudged guilty and sentenced. *Held*, that the errors in the complaint were merely clerical ones, which could not mislead or prejudice the defendant, and furnished no ground for an arrest of judgment.

COMPLAINT to a trial justice, by "Austin W. Thayer," alleging that the defendant, "on the twenty-fifth day of May," 1882, at Ware, unlawfully kept intoxicating liquors, with intent unlawfully to sell the same in this Commonwealth; was dated "this twenty-fifth day of June," 1882; and was signed by "Austin W. Kellogg, complainant." It was sworn to by Austin W. Kellogg; and the jurat was dated "this twenty-fifth day of May," 1882. The warrant issued by the trial justice directed the officer to arrest the defendant, to answer "on the foregoing complaint of Austin W. Kellogg, this day made on oath before me;" and was dated "this twenty-fifth day of May," 1882. The return of the officer stated that he arrested the defendant "on June 1st, 1882." The record further showed that a hearing was

had on the complaint before the magistrate on June 3, 1882, and the defendant was adjudged guilty and sentenced; from which sentence he appealed to the Superior Court.

In that court, after a verdict of guilty, the defendant moved in arrest of judgment, "because the trial justice had no lawful jurisdiction to try the defendant upon the complaint, the said complaint not having been sworn to by the proper complainant, and because it was sworn to long after the arrest and trial of this defendant on said complaint, and because this court has no jurisdiction to try said complaint on appeal." This motion was overruled; and the defendant appealed to this court.

*C. Delano*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

MORTON, C. J.  Neither of the reasons assigned for arresting the judgment can prevail. The complaint is dated by mistake on the twenty-fifth day of June, 1882; but the dates of the jurat and of the warrant show that it was made and sworn to on the twenty-fifth day of May, 1882, thus furnishing internal and plenary evidence that the complaint was duly made before the arrest and trial, and that the date of the complaint was a mere clerical error, which could not mislead the defendant. *Donahoe v. Shed*, 8 Met. 326.

The mistake in describing the complainant in the body of the complaint as "Austin W. Thayer" was also clearly a clerical one. The signature to the complaint, the jurat and the warrant show that the complainant was Austin W. Kellogg. Such a clerical error, which cannot mislead or prejudice the defendant, furnishes no reason for arresting the judgment against him. *Commonwealth v. Eagan*, 103 Mass. 71. *Commonwealth v. Randall*, 4 Gray, 36.                    *Judgment affirmed.*