COMMONWEALTH *vs.* MARY FLAHERTY.

Norfolk.　Nov. 23, 1885. — Jan. 7, 1886.　DEVENS & GARDNER, JJ.,
absent.

At the trial of a complaint against a married woman, for keeping a tenement used
for the illegal sale and illegal keeping of intoxicating liquors, the evidence
showed three sales, two in the presence of the defendant's husband, and a third
when he was in the yard outside the kitchen where the sale was made. As to
this last sale, the jury were instructed that "no presumption arises that sales
made by the wife, when the husband is on the estate, or on the premises, not
in her presence, are made under constraint of the husband, and the defendant
would be liable for any such sale so made." *Held,* that the defendant had good
ground of exception.

HOLMES, J.　The complaint alleged the keeping of a common
nuisance, namely, a tenement used for the illegal sale and illegal
keeping of intoxicating liquors. The evidence was of three sales,
two in the presence of the defendant's husband, and a third when
he was in the yard outside the kitchen where the sale was made.
As to this last sale, the jury were instructed that "no presump-
tion arises that sales made by the wife, when the husband is on
the estate, or on the premises, not in her presence, are made
under constraint of the husband, and the defendant would be
liable for any such sale so made." We think that the jury must
have understood this language as meaning that, if, at the mo-
ment of the sale, the husband was not immediately and visibly
in presence of the wife, she would be liable for it, as matter of
law, although he was on the premises. We also think, although
perhaps this is less important, that the word "liable" must be
taken to mean liable on this complaint, which was the point on
which the jury were to be instructed, as otherwise there would
seem to have been a mistrial.

Thus construed, the instructions went too far, and justice to
the defendant requires that she should have a new trial, even
if the actual meaning of the judge was correct. It is true that,
if the wife acts in the absence of her husband, there is no pre-
sumption that she acts under his coercion. But if the husband
is near enough for the wife to act under his immediate influ-
ence and control, though not in the same room, he is not absent,
within the meaning of the law. *Commonwealth* v. *Buck,* 11

Gray, 437, 438. This principle was restated and applied in a case where, if it appeared at all where the husband was, he was in the barn while the sales were made in the house. *Commonwealth* v. *Munsey*, 112 Mass. 287. That case was, if anything, stronger than the present. For there the wife was complained of as a common seller, whereas in the present case (for keeping a nuisance) the sales do not constitute the offence, but are only evidence of it, (*Commonwealth* v. *Patterson*, 138 Mass. 498,) and as the husband "was a cripple, generally at home, except that he could hop out," it is conceivable that his wife might be so far free from his influence as to be answerable for the sale, and yet not so independent as to be deemed to have acquired control of the place. See *Commonwealth* v. *Churchill*, 136 Mass. 148, 151. The ruling sustained in *Commonwealth* v. *Roberts*, 132 Mass. 267, concerned unlawful sales made by a woman while her husband was at sea, and while, therefore, his absence could not be disputed.          *Exceptions sustained.*

*J. L. Eldridge*, for the defendant.

*E. J. Sherman*, Attorney General, and *H. N. Shepard*, Assistant Attorney General, for the Commonwealth.