COMMONWEALTH *vs.* ELLEN DALEY.

SAME *vs.* SAME.

Essex.     November 7, 1888. — November 27, 1888.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Intoxicating Liquors — Sale by Married Woman — Presumption of Coercion by Husband — Exceptions — Point not taken at Trial.*

At the trial of a complaint against a married woman for unlawfully selling intoxicating liquors to minors in a dwelling-house occupied by her with her husband, there was evidence that the husband was at the time in a room in the house other than that in which the sales were made, the door between them being closed, and the presiding judge refused to instruct the jury that, "if he was on the premises and in the house, it would be sufficient" presence on his part to raise the presumption that she acted under his coercion. *Held,* that the instruction was rightly refused.

The judge instructed the jury, and no exception was taken thereto, that, if they "should be satisfied beyond a reasonable doubt from the evidence" that the sales were made in the husband's presence, or while he was near enough to see her or know that she was making such sales, then she would be presumed to be acting under his coercion, and must be acquitted. *Held,* that it was not open to the defendant on a bill of exceptions to urge that too great a burden was imposed upon him.

TWO COMPLAINTS for unlawfully selling intoxicating liquors to minors.

At the trial in the Superior Court, before *Sherman,* J., there was evidence tending to show that the alleged sales were made to the minors at about the same time, in the defendant's bar-room, which was a front room on the lower floor of a dwelling-house; that in the rear of the house was a kitchen, separated from the bar-room by an entry, out of which doors opposite each other led into the bar-room and the kitchen; that the defendant was a married woman, who lived with her husband in the dwelling-house; that at the time of the sales the husband was not in the bar-room, and was not seen by either minor, but was at the time in the kitchen, one of the doors between it and the bar-room being closed.

The defendant requested the judge to instruct the jury: "1. If the defendant sold the intoxicating liquor in the pres-

ence of her husband, it is a presumption of law that she acted under the coercion and control of her husband. And this is a conclusive presumption, unless overthrown by affirmative evidence. 2. In order to establish that the sales were made in the presence of the husband, it is not necessary to show that the sales were made in his sight, or that he was in the room where they were made, but if he was on the premises and in the house it would be sufficient. 3. There is no evidence in the case sufficient to control the presumption that the defendant at the time she made the sales was acting under the coercion and control of her husband."

The judge declined so to instruct, and the defendant excepted to his refusal to rule as requested. The judge, among other things, gave the following instruction, to which no exception was taken: "If you should be satisfied beyond a reasonable doubt, from the evidence, that the defendant made the sales of intoxicating liquor as alleged in the presence of her husband, or while he was near enough to see, hear, or know that she was making such sales, then she is presumed to be acting under his coercion, and she is not liable, and must be acquitted. If the husband was away at the time, not in the house or upon the premises, then the presumption of coercion does not apply."

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. S. Knox*, for the defendant.

*H. C. Bliss*, Assistant Attorney General, for the Commonwealth.

C. ALLEN, J. When a married woman is indicted for a crime, and it is contended in defence that she ought to be acquitted because she acted under the coercion of her husband, the question of fact to be determined is whether she really and in truth acted under such coercion, or whether she acted of her own free will and independently of any coercion or control by him. To aid in determining this question of fact, the law holds that there is a presumption of such coercion from his presence at the time of the commission of the crime; this presumption, however, is not conclusive, and it may be rebutted. And in order to raise this presumption it is also established that the husband's presence need not be at the very spot, or in the same

room, but it is sufficient if he was near enough for her to be under his immediate control or influence.

No exact rule applicable to all cases can be laid down as to what degree of proximity will constitute such presence, because this may vary with the varying circumstances of particular cases. And where the wife did not act in the direct presence of her husband or under his eye, it must usually be left to the jury to determine incidentally whether his presence was sufficiently immediate or direct to raise the presumption. But the ultimate question, after all, is whether she acted under his coercion or control, or of her own free will independently of any coercion or control by him ; and this is to be determined in view of the presumption arising from his presence, and of the testimony or circumstances tending to rebut it, if any such exist. *Commonwealth* v. *Burk*, 11 Gray, 437. *Commonwealth* v. *Gannon*, 97 Mass. 547. *Commonwealth* v. *Welch*, 97 Mass. 593. *Commonwealth* v. *Eagan*, 103 Mass. 71. *Commonwealth* v. *Munsey*, 112 Mass. 287. *Commonwealth* v. *Gormley*, 133 Mass. 580. *Commonwealth* v. *Flaherty*, 140 Mass. 454. *Commonwealth* v. *Hill*, 145 Mass. 305, 307.

Applying these rules to the defendant's requests for instructions in the present case, it is apparent that the second instruction requested could not properly be given, because it could not be said as matter of law that "if he was on the premises and in the house, it would be sufficient"; that is sufficient presence to raise the presumption of coercion. That would be for the jury to determine. The exceptions to the omission to give the first and third requests are not now pressed; and there was no exception to the instructions as given, except so far as involved in the omission to give those requested.

The defendant, however, now contends that the effect of the instructions given was to put upon the defendant the burden of satisfying the jury of the facts necessary to create the presumption of coercion beyond a reasonable doubt. But this point was not taken at the trial, and the use of the words "beyond a reasonable doubt" was apparently an inadvertence which did not harm the defendant. If attention had been called to the view now urged, the jury would no doubt have been told that those words applied solely to the burden resting upon the Common-

wealth to prove the sales. The instruction that, if the husband was near enough to see, hear, or know that she was making such sales, she was not liable, and must be acquitted, was too favorable for the defendant, as the presumption of coercion was merely a disputable one, and might not prevail in the minds of the jury, in view of the testimony and the circumstances of the case.                                        *Exceptions overruled.*