## UNITED STATES *v.* TERRY.

*(District Court, N. D. California. March 11, 1890.)*

1. RESISTING OFFICER—"KNOWINGLY AND WILLFULLY"—INSTRUCTION.

Where defendant, under indictment for resisting an officer, alleges that she did not knowingly and willfully resist the officer in the execution of an order to remove her from the court-room, for the reason that she was rendered unconscious by the opinion of the court then being pronounced, the jury may consider the fact that she entered the court-room with a loaded revolver, to hear the decision in a case to which she was a party.

2. SAME.
        If defendant knew the order for her removal from the court-room was directed
    to the marshal, it is immaterial that the court addressed it to the clerk, if he im-
    mediately changed it to the marshal.
3. SAME—UNNECESSARY FORCE AND VIOLENCE.
        Any unnecessary force or violence used by an officer, in the execution of an order
    to remove one from the court-room may be resisted by force sufficient to overcome
    it.
4. SAME—MARRIED WOMEN—PRESUMPTION.
        The presumption that a married woman committing a misdemeanor acts under
    coercion of her husband may be overcome by circumstances showing that he,
    though in the same room, exercised no control over her.

Indictment against Sarah Althea Terry for resisting, by assaulting, an
officer, in the execution of an order to remove her from the court-room.

*John T. Carey* and *David Louderback*, for the United States.

*Patrick Reddy* and *W. W. Foote*, for defendant.

ROSS, J., (*charging jury.*)  The statute upon which the indictment in
this case is founded provides that "every person who knowingly and
willfully obstructs, resists, or opposes any officer of the United States in
serving, or attempting to serve or execute, any mesne process or warrant,
or any rule or order of any court of the United States, or any other
legal or judicial writ or process, or assaults, beats, or wounds any offi-
cer, or other person duly authorized, in serving or executing any writ,
rule, order, process, or warrant, shall be" punished in a certain prescribed
way.  The indictment charges, in effect, that at a certain stated time
and place the defendant knowingly, willfully, and unlawfully resisted,
obstructed, and opposed, by assaulting, beating, and wounding, J. C.
Franks, at the time being United States marshal for the northern dis-
trict of California, in the execution of an order then and there made
by the United States circuit court for said district, addressed to the
said marshal, and directing him to remove the said defendant from the
court-room of said court because of her gross misbehavior therein.

To convict the defendant, you must be satisfied from the evidence,
beyond a reasonable doubt, that the order made by the court, and re-
ferred to in the evidence, directed the marshal to remove the defendant
from the court-room, and that in the execution of such order the de-
fendant knowingly and willfully resisted the marshal, by assaulting,
beating, or wounding him.  The words "knowingly " and "willfully,"
employed in the statute defining the offense with which the defendant is
charged, imply that she must have known that the order directed the
marshal to remove her, and, knowing such fact, that she determined,
with a bad intent, to resist him in its execution.  It is claimed on be-
half of the defendant that she was so overcome by the opinion of the
court, at the time being read, as to render her unconscious of the mak-
ing of the order for her removal, and unconscious of her subsequent acts
in the court-room.  Of course, if she was really unconscious of these
things, she should not be found guilty under this indictment.  But you
are to look at this defense as reasonable, sensible men, and in connec-
tion with it consider the testimony going to show that, contrary to law,
she entered the court-room, with a loaded revolver, to hear a decision

announced in a case to which she was a party, and that the decision of the court had not been announced at the time of her interruption of the court. and the making of the order for her removal from the room, although, from what had already been read, what it would be may have become apparent. It is also proper for you to consider in the same connection the declarations referred to in the evidence as having been made by the defendant concerning her conduct on the occasion in question, as also every other fact and circumstance given in evidence. No amount of feeling or exasperation or resentment can be held to justify her acts, or to warrant you in finding a verdict of not guilty, if you are satisfied beyond a reasonable doubt that the order was given to the marshal, and that the defendant was aware of that fact, and that in its execution by the officer the defendant knowingly and willfully resisted him by any or all of the means stated in the indictment.

Some evidence has been given on behalf of the defendant tending to show that the order of the court directing the removal of the defendant from the court-room was directed to the clerk of the court, instead of to the marshal. If the court, in making the order, used the word "clerk," and immediately substituted therefor the word "marshal," and the defendant knew that the order was addressed to the marshal, and, so knowing, willfully resisted him in its execution by any or all of the means set out in the indictment, then and in that case you are instructed that the use of the word "clerk" was a mere slip of the tongue, and was and is unimportant. If, however, the order was addressed to the clerk, and not to the marshal, the defendant cannot be convicted under this indictment.

An officer, in the execution of a valid order, has the legal right to use such force as is necessary to execute it, but no more. Any unnecessary force or violence that may be used in the execution of such order or process is without authority of law; and such excess, if any, may be lawfully met by force or violence sufficient to overcome it.

Where a married woman commits a misdemeanor in the presence of her husband, the presumption of law, nothing to the contrary appearing, is that she acts under the threat, command, or coercion of her husband; but, if the circumstances are such as to show that the husband, though in the same room with the defendant, did not exercise any control or coercion, but that the wife was the active, moving party, the presumption arising from the husband's presence will be removed and overcome.

The defendant in this case, like the defendant in every other criminal case, is by the law presumed to be innocent of the crime charged against her. The burden of proving her guilt rests upon the prosecution, and this must be done beyond a reasonable doubt. But by "reasonable doubt" is not meant a mere imaginary or possible doubt, but such a doubt as arises out of the evidence, and is reasonable, in view of all of the facts and circumstances of the case. If, after an impartial comparison and consideration of all the evidence, you can candidly and truthfully

say·that you are. not satisfied of the defendant's guilt, you have a reasonable doubt; but if, after such impartial comparison and consideration of all the evidence, you can truthfully and candidly say that you have a settled conviction of her guilt, such as you would be willing to act upon in the more weighty and important matters relating to your own affairs, you have no reasonable doubt. The facts of the case are for you to determine, and of the credibility of each and every witness you are the sole and exclusive judges. In determining the credibility to be given to witnesses examined,—who are to be weighed, not counted,—it is your right to take into consideration their interest or feeling in the result of the proceeding, their appearance and deportment while being examined, the probability of the truth of their statements as compared with other testimony given, their opportunities of observation or knowledge of the matters to which they have testified, their friendly or unfriendly feelings towards the respective sides,. and how far they may have been contradicted. While a person charged with crime may testify in his own behalf, he is under no obligation to do so, and his failure to testify does not create any presumption against him. You should not, therefore, indulge in any presumption against the defendant for the reason that she did not testify as a witness in her own behalf. You are not to permit your minds to be diverted from the real issue in the case by any argument or arguments of counsel, or by any other consideration. So far as the arguments have any legitimate bearing upon the real issue, you should give them the consideration and weight to which you think them fairly entitled. Outside and beyond that, it is your duty to entirely disregard them. If, upon the whole evidence, you are satisfied beyond a reasonable doubt that, at the time and place charged in the indictment, the court made an order directing the marshal to remove the defendant from the court-room, and that the defendant was aware of that fact, and, knowing it, willfully resisted, obstructed, or opposed the marshal in the execution of such order by any or all of the means set out in the indictment, it is your sworn duty to return a verdict of guilty as charged. Unless you are so satisfied, you should find her not guilty.