CALDWELL *v.* STATE OF INDIANA.

[No. 24,047.  Filed November 24, 1922.  Rehearing denied May 17, 1923.]

1. RECEIVING STOLEN GOODS.—*Value.*—*Aggregation.*—*Statutes.* —To determine the punishment for receiving stolen goods under §2273 Burns 1914, Acts 1905 p. 585, §381, the aggregate value of the goods received by separate and distinct transactions cannot be taken, if the goods were not so received in pursuance of one plan or conspiracy.  p. 240.

2. RECEIVING STOLEN GOODS.—*Indictment.*—*Motion to Separate Counts.*—The State cannot be required to separate counts for

receiving several quantities of stolen goods, there being nothing to show that the goods were not all received at the same time, since the receiving of stolen goods is a substantive offense and the value of the goods, whether aggregated or not, determines only the punishment. pp. 240, 241.

3. RECEIVING STOLEN GOODS.—*Evidence.*—One who, while employed as a janitor of a department store, and, as a truck driver to deliver goods to purchasers, steals women's wearing apparel from the floor for which he is janitor, and delivers it to his wife, is guilty of larceny and not embezzlement, and his wife, if not under the coercion of her husband, could be found guilty of receiving stolen goods. p. 241.

4. HUSBAND AND WIFE.—*Disabilities.—Coercion.—Presumptions. —Removal.*—The removal of the disabilities of married women of Indiana by statute did not affect the common-law presumption of the coercion of the wife by the husband, the common-law theory being that the wife was not under legal disabilities, but that she and her husband were one person. p. 242.

5. HUSBAND AND WIFE.— *Coercion.— Presumptions.— Common-law Rule.*—The common law prevails in this state giving a married woman the benefit of the presumption of coercion of her husband for any crime (excepting treason or murder) committed by her in his presence. p. 243.

6. HUSBAND AND WIFE.— *Responsibility of Wife.— Effect of Statute.*—Sections 7857, 7858 Burns 1914, making the wife and husband jointly liable for torts committed by the wife at the direction of the husband or in his presence has no application to a prosecution for a crime. p. 245.

From Montgomery Circuit Court; *Frank B. Hutchinson,* Special Judge.

Prosecution by the State of Indiana against Bertha Caldwell for receiving and concealing stolen goods. From a judgment of conviction, the defendant appeals. *Reversed, with instructions.*

*W. E. Henderson* and *VanCleave & McGaughey,* for appellant.

*U. S. Lesh,* Attorney-General, *Mrs. Edward Franklin White,* Deputy Attorney-General, and *Harry D. Michael,* for the State.

MYERS, C. J.—Appellant, in the court below, was charged by affidavit, tried and convicted of receiving stolen goods, as defined by §2273 Burns 1914, Acts 1905 p. 584, §381. Upon the finding of the jury that appellant was guilty as charged, and that the articles so received by her were of the value of $250, the court rendered a judgment that she make her fine to the State of Indiana in the sum of $1, and that she be imprisoned in the Indiana Womens' Prison for a period of not less than one nor more than fourteen years, etc. Appellant's motion for a new trial was overruled. She perfected an appeal to this court and is here seeking to reverse the judgment of the trial court, alleging as error the overruling of her motion to quash the affidavit, the overruling of her motion to require the prosecuting attorney to separate the affidavit into counts, and the overruling of her motion for a new trial.

Appellant, in support of her motion to quash, insists that the affidavit which was in one count charged more than one offense, that is to say, the articles alleged to have been stolen on or about August 30, 1920, were each valued at $1.50 to $50. Hence the claim that these articles, thirty-five in number, each of the value of less than $25, and three separately valued at $25 or more, constituted separate crimes.

The statute alleged to have been violated reads: "Whoever buys, receives, conceals or aids in the concealment of anything of value, which has been stolen, taken by robbers, embezzled, or obtained by false pretense, knowing the sum (same) to have been stolen, taken by robbers, embezzled, or obtained by false pretense, shall, if the goods be of the value of twenty-five dollars or more, on conviction, suffer the punishment prescribed for grand larceny, and if the goods be of the value of less than twenty-five dollars shall suffer the punishment prescribed for petit larceny." §2273 Burns

1914, Acts 1905 p. 584, §381. The affidavit, after the formal parts and date, August 30, 1920, states that, "One Ralph Caldwell did then and there unlawfully and feloniously take, steal and carry away of the personal goods and chattels of the George W. Graham Company, one stone green, wool, jersey, embroidered dress of the value of fifty dollars ($50)   *   *   *   one red taffeta corset cover of the value of two dollars and fifty cents ($2.50) ; and that one Bertha Caldwell did then and there unlawfully and feloniously buy, receive, conceal, and aid in the concealment of the said goods and chattels and of each article thereof, she, the said Bertha Caldwell, then and there well knowing the same to have been feloniously stolen by the said Ralph Caldwell, as aforesaid, contrary," etc.

The statute above quoted, in defining the crime, uses the words "anything of value", but the punishment is measured by the aggregate value of the goods 1, 2. bought, received and concealed, or which the party charged aided in concealing. *Booker* v. *State* (1907), 151 Ala. 97, 44 So. 56. As said in *Semon* v. *State* (1902), 158 Ind. 55, 57, "In this state receiving stolen goods, knowing them to have been stolen, is an independent, substantive offense. The particular thing denounced by the statute is the receiving of stolen goods knowingly." It is the doing of the act prohibited by the statute that constitutes the offense.

The charge here is that appellant, on or about August 30, 1920, received, concealed and aided in concealing stolen goods, knowing them to have been stolen. For aught appearing in the affidavit, she received all of the goods mentioned therein at one time, and therefore a motion to quash on the ground of duplicity was properly overruled.

As to the motion to separate, we may say that should it appear from the evidence that such receiving was

separate and distinct acts and transactions, and
2. not in pursuance of a conspiracy between the
thief and the receiver, the State would not be permitted to combine the value of the goods so received in order to increase the punishment of what would be otherwise petit larceny to that of grand larceny. As the judgment must be reversed for reasons hereafter appearing, it will be unnecessary for us to give this question further attention.

Appellant, in support of her motion for a new trial, insists that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law, for
3. the reason: (1) that the evidence shows that Ralph Caldwell, who is alleged to have stolen the goods, was in the employ of the George W. Graham Company, and as such employe, had access, possession and control of the goods alleged to have been stolen, and therefore, if guilty of any offense, it was embezzlement; (2) that the evidence shows that appellant was the wife of Ralph Caldwell, the alleged thief from whom she received the stolen goods, and therefore a finding of guilty was contrary to law, for the reason that there was no evidence tending to show that she was not under the coercion of her husband at the time the crime was alleged to have been committed.

As we read the evidence, Ralph Caldwell was employed by the Graham company as janitor for the second floor of the Graham store, and as a truck driver and to deliver goods to purchasers. He had nothing to do with the sale of the goods or the care thereof, other than the delivery of such as were sold by others, and it does not appear that he appropriated any of the goods entrusted to his care for delivery. Consequently, we hold that the claim of embezzlement is not well taken. *Colip* v. *State* (1899), 153 Ind. 584, 74 Am. St. 322.

The evidence sufficiently shows that appellant was the wife of Ralph Caldwell; that they lived and cohabited together as man and wife, and that appellant received the property alleged to have been stolen from her husband. That her husband was the thief is not questioned. That all of the articles alleged to have been stolen and received by appellant were wearing apparel for herself and her child, kitchen ware, china and glass ware. Some of the articles had been worn by appellant and some of them by her child; some were in a room characterized by witnesses as a store room; others were in boxes and dresser drawers about the house, while others were hanging up and in place about the rooms of the dwelling in plain view of persons who might enter these rooms. While neither appellant nor her husband were witnesses in this case, yet there was evidence of her admissions tending to prove that she had good reason to believe that some of the aforesaid articles were stolen. The evidence also fairly establishes that her husband not only stole the articles, but that he took them home, and that she accepted the benefit of his larcenous acts. In a general way, such was the evidence as to the particular matters enumerated.

The attorney-general takes the position that because of the statute annulling the disabilities of married women, and because the statutes of this state

4.    make no distinction between a *feme covert* and a *feme sole* regarding crimes, punishment, and the procedure in criminal actions, appellant was not entitled to the benefit of the presumption of coercion on the part of her husband. It must be kept in mind that even in this day of advanced rights, duties and liabilities of married women, the common law with respect to them prevails in this state, except as changed and modified by statute. It was not the theory of the

common law that the wife was under legal disabilities, but that she and her husband were one person. (*Barnett* v. *Harshbarger, Admr.* [1886], 105 Ind. 410.) So that our statute abolishing the disabilities of a wife, while in keeping with the progress and best thought of the present age, does not furnish a basis upon which to build an argument that she is responsible for her conduct in a case like the one at bar, for, there is no statute in this state abrogating the general rule of common law respecting the unity of husband and wife. *Dodge* v. *Kinzy* (1885), 101 Ind. 102.

While at common law the wife alone is responsible for an offense committed by her without the presence or coercion of her husband, (*Pennybaker* v. *State* [1831], 2 Blackf. 484), yet without a statute, as has Arkansas, (*Edwards* v. *State* [1872], 27 Ark. 493), Georgia, (*Bell* v. *State* [1893], 92 Ga. 49, 18 S. E. 186), and some other states, making the wife amenable as a *feme sole* for a crime committed within his presence, the common law controls.

It may be said that where the wife acts voluntarily she ought to be held liable whether her husband was present or not, or if she acted under compulsion she ought to be exempt from punishment, not because of the marital relation, but like any one else acting under such circumstances. However plausible this argument may seem, still the fact remains that the legislature of this state has never seen fit to change the common law in this respect. Hence, as the common law prevails in this state as to all matters not changed or modified by statute, we hardly think it incumbent upon the court to legislate, when it appears that the modern, as well as the older, authorities sustain the general principle of law that, when a married woman is indicted for a crime (excepting treason or murder) committed in the presence of her husband, the presump-

tion of law arises from the husband's presence that the wife acted under his coercion, entitling her to a discharge, unless this presumption is rebutted. *State* v. *Harvey* (1906), 130 Iowa 394, 106 N. W. 938; *State* v. *O'Neil* (1910), 147 Iowa 513, 519, 126 N. W. 454, 22 L. R. A. (N. S.) 788, Ann. Cas. 1912B 691; *State* v. *Fitzgerald* (1878), 49 Iowa 260, 31 Am. Rep. 148; *Commonwealth* v. *Daley* (1888), 148 Mass. 11, 18 N. E. 579; *Commonwealth* v. *Adams* (1904), 186 Mass. 101, 71 N. E. 78; *State* v. *Miller* (1901), 162 Mo. 253, 62 S. W. 692, 85 Am. St. 498; *Smith* v. *Schoene* (1896), 67 Mo. App. 604; *United States* v. *Terry* (1890), 42 Fed. 317; *Davis* v. *State* (1846), 15 Ohio 72, 81, 45 Am. Dec. 559; *Uhl* v. *Commonwealth* (1849), 6 Grat. (Va.) 706; *State* v. *Nelson* (1849), 29 Me. 329; *State* v. *Houston* (1888), 29 S. C. 108, 6 S. E. 943; 2 Chamberlayne, Modern Evidence §1119; 2 Wharton, Evidence (2d ed.) §1256; 1 Greanleaf, Evidence (Lewis' ed.) §28; 3 Greanleaf, Evidence (Lewis' ed.) §7; 3 Elliott, Evidence §2253; 1 Taylor, Evidence (9th ed.) §190; Reynolds, Trial Evidence p. 169.

In *Commonwealth* v. *Daley, supra,* p. 13, it is said: "No exact rule applicable to all cases can be laid down as to what degree of proximity will constitute such presence, because this may vary with the varying circumstances of particular cases. And where the wife did not act in the direct presence of her husband or under his eye, it must usually be left to the jury to determine incidentally whether his presence was sufficiently immediate or direct to raise the presumption. But the ultimate question, after all, is whether she acted under his coercion or control, or of her own free will independently of any coercion or control by him; and this is to be determined in view of the presumption arising from his presence, and of the testimony or circumstances tending to rebut it, if any such exist."

1 Taylor, Evidence, *supra*, asserts that—"It seems that a married woman cannot be convicted under any circumstances as a receiver of stolen goods, when the property has been taken by her husband and given to her by him."

In *State* v. *O'Neil*, *supra*, that court, in speaking of civil and criminal cases and the common judgment of humanity as to what is right and just in allowing exceptions to statutory definitions, well said: "For instance, in this state, although there is no statutory recognition of a coverture as a defense on the part of a married woman for a crime committed in the presence of her husband, we have said that the common-law exception in that respect is applicable."

We are not unmindful of the statute making married women liable for torts committed by them, nor of the statute making both the wife and husband jointly liable for a tort committed by the wife at the direction of the husband or in his presence with his consent. §§7857, 7858 Burns 1914, §§5120, 5121 R. S. 1881. These statutes furnish no aid to the state in this case. True, they modify the common law, but the procedure and character of the result sought in an action for tort is widely different from an action to subject the doer of a criminal act to legal punishment.

In the instant case there is no evidence tending to show that appellant was the active moving spirit, either in inducing her husband to steal the goods or in concealing them after they were stolen. On the contrary, when the owners of the stolen goods sought information in regard to them, she gave a truthful account and offered no objection to a visit and search of the home where the stolen goods were kept.

The undisputed evidence in this case warrants the legal inference that the stolen property was found in the possession of the husband and not in the possession

of the wife, although it may appear that appellant had worn some of the ladies' wearing apparel.

In conclusion we hold that the verdict is not supported by the evidence, and therefore, contrary to law.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.