VUKODONOVICH *v.* STATE OF INDIANA.

[No. 24,985. Filed January 5, 1926.]

1. CRIMINAL LAW.—*Common-law rule of presumption of husband's coercion of wife in crime committed in his presence stated.*—Under the common law, which in that respect has not been changed in this state, where a married woman is charged with a crime, except treason or murder, committed in the presence of her husband, a presumption arises that she acted under his coercion, entitling her to discharge unless this presumption is rebutted. p. 171.

2. CRIMINAL LAW.—*Question of husband's coercion of wife in selling liquor in specific case was one of fact for the jury or court trying the case.*—Where a married woman was charged with selling intoxicating liquor at her home, the husband being in the house but not in the same room with the accused, the question of whether the husband's presence was sufficient to raise a presumption of coercion was one of fact for the jury or court trying the case. p. 172.

3. CRIMINAL LAW.—*Husband's testimony held sufficient to overcome presumption that he coerced his wife to commit the crime with which she was charged.*—Where a married woman was charged with selling intoxicating liquor in her home, the husband being in another part of the house, the testimony of the husband that he did not know that his wife sold liquor and that he did not tell or order her to do so was sufficient to overcome the presumption that he coerced her to commit the crime.  p. 172.

4. WITNESSES.—*Competency of husband and wife to testify for or against each other stated.*—In this state, a husband and wife may testify for or against each other in all cases except as to confidential communications between them.  p. 172.

5. INTOXICATING LIQUORS.—*Evidence held sufficient to sustain finding of guilt of selling intoxicating liquor.*—Evidence held sufficient to sustain a finding of guilty of selling intoxicating liquor.  p. 172.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Helen Vukodonovich was convicted of selling intoxicating liquor, and she appeals.  *Affirmed.*

*Paul R. Glaser* and *F. L. Welsheimer,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George M. Barnard,* for the State.

GEMMILL, J.—In this case, appellant was found guilty of unlawfully selling intoxicating liquor, in violation of §1 of ch. 23 of the Acts of 1923, after a trial by the court, without a jury.  She has appealed from the judgment rendered, claiming that the court erred in overruling her motion for a new trial.  The grounds therein set forth upon which she relies being, that the verdict (finding) of the court is contrary to law, and that the verdict (finding) is not sustained by sufficient evidence.

Two witnesses testified as follows:  That they visited appellant's residence, on or about December 6, 1924, at No. 849 Adams street, in Gary, Indiana; that while there they purchased two drinks of intoxicating liquor from appellant, paying one dollar for same, which liquor was served through a window at the rear of her

residence.   That they did not see appellant's husband there.   That as soon as these witnesses got the liquor, two constables rushed into the house, and later in the day, they saw the constables bring appellant's husband into court.   Appellant testified that on said day she lived at the place named; that she did not sell intoxicating liquor to the state's witnesses; that four constables came to the house; that two of them made a search but did not find any liquor; and that her husband was there.   On rebuttal, the state called the husband of appellant as a witness.   He testified that he did not know that his wife sold any intoxicating liquor in her home on or about December 6, 1924; that he did not know that she handled any intoxicating liquor in her home; that he did not work on said day; that his wife did not sell any moonshine whisky; that he did not tell her or order her to sell any moonshine whisky or intoxicating liquor; and that when the constables searched the house on that day, he had just come from upstairs.

Appellant seeks a reversal on the sole theory that the evidence was insufficient to sustain the finding and, therefore, the finding was contrary to law.   It is claimed that as appellant was a married woman, the presumption is that she acted under the coercion and compulsion of her husband, who was in the house at the time.   And it is insisted that there is no evidence in the record to rebut this presumption.

Under the common law, which has not been changed by statute in this state, when a married woman is indicted for a crime, excepting treason or murder,

1.   committed in the presence of her husband, the presumption of law arises that she acted under his coercion, entitling her to a discharge, unless this presumption is rebutted.   *Caldwell* v. *State* (1922), 193 Ind. 237, 137 N. E. 179; *Dressler* v. *State* (1923), 194

Ind. 8, 141 N. E. 801. Such a presumption is only *prima facie*, liable to be rebutted by the evidence. 1 Bishop, Criminal Law (9th ed.) §362. And in 1 Schouler, Treatise on the Law of Marriage, Divorce, Separation and Domestic Relations (6th ed.) §57, it is said: "In most of the latest cases where the wife is indicted, the presumption of coercion has been regarded as something to be easily rebutted, especially in that numerous class of cases which relates to the illegal sales of liquors, a business in which married women frequently engage understandingly." The questions raised are whether the presence of the husband in the house when the offense was not committed in his immediate presence, was sufficient to raise the presumption of coercion, and whether the evidence of the husband introduced by the state rebutted said presumption, if it existed.

In 1 Bishop, Criminal Law (9th ed.) §359, it is stated: "The presence may exist though the two are not in the same room; but they must be near enough together for the wife to be within the range of the husband's personal and present influence." This court in *Caldwell* v. *State, supra,* quoted from *Commonwealth* v. *Daley* (1888), 148 Mass. 11, 13, 18 N. E. 579, as follows: "No exact rule applicable to all cases can be laid down as to what degree of proximity will constitute such presence, because this may vary with the varying circumstances of particular cases. And where the wife did not act in the direct presence of her husband or under his eye, it must usually be left to the jury to determine incidentally whether his presence was sufficiently immediate or direct to raise the presumption." It was a question for the trial court to determine whether or not the presence of the husband in another part of the house was sufficient to raise the presumption claimed by appellant. What the court

trying the cause determined on that question, we do not know and it is not necessary for us to know and review same. If such a presumption existed, the testimony of the husband that he did not know his wife sold moonshine whisky or intoxicating liquor and that he did not tell or order her to sell it, overcame the presumption. Husbands and wives, in this jurisdiction, may testify for or against each other in all cases, except as to confidential communications. From the husband's evidence, the trial court was justified in believing that the appellant acted of her own free will and independently of any coercion or control by her husband. As to the sale of the intoxicating liquor, there was the testimony of two witnesses, which was denied only by the appellant. That evidence will not be weighed by this court. There was sufficient evidence to sustain the finding and same was not contrary to law.

The judgment is affirmed.