## McGregor *v.* State of Indiana.

[No. 25,516.   Filed November 14, 1928.   Rehearing denied February 1, 1929.]

*Lorin H. Kiely*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Harry L. Gause*, Deputy Attorney-General, for the State.

GEMMILL, J.—In this cause, the appellant was charged by affidavit with the crime of the unlawful possession of intoxicating liquor. Acts 1925, ch. 48, §4, §2717 Burns 1926. She entered a plea of not guilty, and was tried by the court without a jury. The court found that she was guilty as charged in the affidavit. She has appealed from the judgment rendered on the finding, assigning as error that the court erred in overruling her motion for a new trial.

The material evidence was as follows: Leo Head and William S. Perrett, on September 11, 1927, were emergency officers attached to police headquarters in the city of Evansville. The appellant and her husband had a produce store at the corner of William and Main Streets in that city. Police headquarters, on the day named, received a telephone call that "there was a man there that was cut—a cutting scrape," and for officers to come at once. Joe Elliott, who had been cut on the hand, did the telephoning to police headquarters. The officers went out to apprehend the man who did the cutting. When they arrived, the appellant was in the front end of the grocery department. The officers asked her where the man was who was cut and she said, "In the next room." At that time the officers could hear Elliott talking loudly and moaning in the rear room. This room was adjoining the storeroom and a swinging door between the two rooms was partly open. This room was used as a storage place for products of the kind kept in the store

in front. In the rear room, the officers found the man who had been hurt. He said he had been injured by the meat chopper. Some men ran out of this room as the officers entered and some remained. Of the latter, two were drunk. The officers learned that another man had also been injured. He got away at that time, but later the officers found him at that place. He also claimed he had been cut on a meat chopper. They detected the odor of intoxicating liquor before they went into the back room. In that room, the officers saw on the drain board at the sink fourteen pint bottles which contained intoxicating liquor and in the sink a gallon glass jug which had the odor of intoxicating liquor. At the sink, a man was in the act of pouring a drink of liquor into a glass. The officers asked appellant about the intoxicating liquor and she replied, "Bart has been out of town all day, I slipped this in to make a little private for my-myself." Bart McGregor was her husband. She also said her husband did not know anything about it. This liquor was tested later, and found to contain more than one-half of one per cent. of alcohol by volume. She lived upstairs over the store building. She was put under arrest at that time. The officers did not have a search warrant or any warrant for her arrest. State's Exhibits Nos. 1 and 2 were two of the pint bottles of intoxicating liquor.

The appellant says this cause presents to this court for its consideration three propositions: First, whether or not the officers made an unreasonable search of the appellant's premises and an illegal and unreasonable seizure of the liquor found thereon; second, whether or not the appellant was in unlawful possession of the liquor as charged; third, whether or not the appellant is criminally responsible, she being a married woman living on the premises with her husband at the time of the seizure by the officers.

In *People* v. *Woodward* (1922), 220 Mich. 511, 190 N. W. 721, it was held that officers who lawfully gained admission into defendant's house to quell a disturbance of the peace had a right to arrest him for illegal possession of intoxicating liquor in their presence and seize a bottle of whisky standing on the table in front of him as evidence thereof, although they had no search warrant and no warrant for his arrest; their action not constituting a violation of the provisions of the federal and state Constitutions forbidding unreasonable searches and seizures.

. In *Herine* v. *United States* (1921), 276 Fed. 806, where city police officers acted on notification of a disturbance of the peace, and entered rooms which were open, and found defendant boastingly selling liquor, their seizure of the liquor as evidence of the crime of maintaining a common nuisance was no invasion of the Constitution of the United States, Fourth Amendment, and the federal government had a right to use such liquors as evidence.

In *Vachina* v. *United States* (1922), 283 Fed. 35, it was held that where a bottle and demijohn containing intoxicating liquor were unlawfully in defendant's possession and in plain sight when officers entered a kitchen in the rear of his soft drink barroom, the seizure thereof was legal whether or not they had a valid search warrant.

The evidence shows that the police officers went to the place maintained by appellant to apprehend the man who had injured Joe Elliott by cutting him. There is no doubt about the room they first entered being a public place. Had they been refused admittance to the adjoining room to make an arrest, they could, if necessary, have broken open the door. §2161 Burns 1926. This was not necessary as the door was partly open. They entered to investigate the crime, and, it can be inferred, to make an arrest of the party committing same, if found. The trial court evidently did not believe

that the injured men were hurt by the meat chopper. The officers lawfully entered the room where they saw the intoxicating liquor, which appellant later admitted she owned. The officers did not make an unreasonable search or an illegal seizure of the liquor. The testimony of the officers as to seeing the intoxicating liquor at that place, and two exhibits, which were pint bottles of the intoxicating liquor found there, constituted competent evidence. Police officers in this jurisdiction can arrest without a warrant when a crime is committed within their view and detain the person found violating the law until a legal warrant can be obtained. §2176 Burns 1926. The arrest of the appellant was lawful.

The common law prevails in this state giving a married woman the benefit of the presumption of coercion of her husband for any crime, excepting treason or murder, committed by her in his presence. *Caldwell* v. *State* (1922), 193 Ind. 237, 137 N. E. 179. Such a presumption is only *prima facie*, liable to be rebutted by the evidence. 1 Bishop, Criminal Law (9th ed.) §362. In this case, the evidence shows that the husband was not present. On the trial, she testified that she did not make the statement of ownership of the liquor attributed to her and did not own the liquor; but, on appeal, this court will consider only the evidence which tends to sustain the finding of the court. The evidence was sufficient and it does not appear that the finding of the court was contrary to law. The appellant has not shown that she was entitled to a new trial.

Judgment affirmed.