## STADIA *v.* STATE OF INDIANA.

[No. 13,638. Filed April 23, 1929.]

*T. Ernest Maholm*, for appellant.

*Arthur L. Gilliom*, Attorney-General, and *Edward J. Lennon, Jr.*, Deputy Attorney-General, for the State.

McMahan, P. J.—Appellant was charged in an affidavit containing five counts: (1) Purchasing; (2) manufacturing; (3) possessing; (4) selling intoxicating liquor; and (5) maintaining a common nuisance in violation of §§4 and 24, Acts 1925 p. 144, §§2717 and 2740 Burns 1926. The cause was tried by the court without the intervention of a jury and, upon a general finding of guilty as charged, appellant was sentenced to serve six months in the correctional department of the Indiana Women's Prison and fined $500 and costs.

The only error assigned is the overruling of her motion for a new trial, the specifications of which are that the decision of the court is not sustained by sufficient evidence and that it is contrary to law.

The undisputed evidence discloses that appellant and her husband, whether jointly or in the name of the husband is not material, operated a restaurant in the city

of Indianapolis, and that the husband was convicted of selling intoxicating liquor at that place; the restaurant was sold and appellant and her husband moved into a house about seven miles from Indianapolis, where they resided in December, 1926. On the night of December 11, 1926, appellant, in the presence of her husband, sold intoxicating liquor to divers people. Appellant was arrested on the night of December 11, 1926, at which time the officers making the arrest found a large quantity of beer, wine and alcohol and beer in the process of making. At the time the arrest was made, fourteen to sixteen people were present, ten or twelve of them being school boys, some of whom testified that they bought intoxicating liquor that night from appellant, and that her husband was there at that time.

Appellant does not deny having sold intoxicating liquor as testified to by the several witnesses, nor does she make any claim that the place where she and her husband resided was not being maintained as a place where intoxicating liquor was sold in violation of law. Her only defense is that, being a married woman, and the particular sales testified to by the witnesses having been made by her in the presence of her husband, it will be presumed that she was acting under coercion from her husband, and that, for that reason, the decision of the court is contrary to law.

Under the common law, where a married woman was indicted for a crime, excepting treason or murder, if the act was committed in the presence of her husband, it was presumed that she acted under his direction, compulsion and coercion, and this rule has not been changed by statute in this state. But this is a rebuttable presumption and is only *"prima facie."* *Vukodonovick* v. *State* (1926), 197 Ind. 169, 150 N. E. 56; *Dressler* v. *State* (1923), 194 Ind. 8, 141 N. E. 801, and cases there cited.

Schouler, referring to this presumption, said: "The presumption was weak, and slight evidence rebutted it. . . . In most of the latest cases where the wife is indicted, the presumption of coercion has been regarded as something to be easily rebutted, especially in that numerous class of cases which relates to the illegal sale of liquors, a business in which married women frequently engage understandingly." 1 Schouler, Marriage and Divorce (6th ed.) §§56 and 57, p. 79.

Appellant's husband testified that "he never told his wife to make sales when people came there and bought this liquor." The testimony of the husband is sufficient to justify the trial court in believing appellant was not coerced by her husband, but that she acted of her own free will and accord. The evidence also shows that appellant's husband was convicted of violating the liquor law while living in Indianapolis, and the inference is that he was arrested the same time appellant was arrested, and that he was also convicted of maintaining a common nuisance after moving into the country.

Appellant further contends that the finding is contrary to law in that "said finding is so indefinite that it cannot be ascertained upon which one of the counts, numbered 1, 2, 3, 4 and 5, it rests." The finding was "guilty as charged," which means that the court found her guilty on each of the five counts, and appellant has made no attempt to show that the evidence is not sufficient to sustain the finding as to each count. If it were conceded that the evidence was not sufficient to sustain the finding as to one count, that would not call for a reversal, when the finding as to all the other counts is sustained by the evidence, and where the punishment fixed does not exceed the punishment named in the statute for the offense charged in any one of the several counts. *Speybroeck* v. *State* (1927), 200 Ind. 69,

155 N. E. 817; *Asher* v. *State* (1924), 194 Ind. 553, 142 N. E. 407.

Judgment affirmed.