El Pueblo de Puerto Rico, demandante y apelado, *v.* Haydée Marrero Ledesma, acusada y apelante.

Núm. 13278.—*Sometido:* Noviembre 1, 1948. *Resuelto:* Noviembre 17, 1948.

*Guillermo S. Pierluissi*, abogado de la apelante; *Hon. Procurador General Luis Negrón Fernández*, y *J. Rivera Barreras, Fiscal del Tribunal Supremo*, abogados de El Pueblo, apelado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Haydée Marrero Ledesma fué convicta ante la corte municipal de una infracción de la sección 23 de la Ley núm. 282, Leyes de Puerto Rico, 1945 (pág. 999), que provee que "Todo establecimiento que se dedique a la . . . venta . . . de medicinas . . . estará atendido personalmente por un farmacéutico debidamente autorizado para ejercer su profesión en la Isla de Puerto Rico . . . ". En apelación para ante la corte de distrito, fué convicta de nuevo y sentenciada a pagar una multa de $100 o a cumplir 90 días de cárcel.

La acusada alega en primer lugar que la sentencia es contraria a la prueba y a derecho. La evidencia ofrecida por el El Pueblo demuestra que en 1946, según lo exige la sección 17 de la Ley núm. 282, la acusada solicitó de la Junta de Farmacia una licencia para el establecimiento de una farmacia; que a tenor con la sección 23, la acusada nombró

a su esposo, Tomás A. Velázquez Rodríguez, para que como farmacéutico administrara personalmente el establecimiento; que la Junta denegó la solicitud de la acusada por el motivo de que el esposo no aparecía inscrito como farmacéutico en los libros registros de dicha Junta; que no obstante la Junta haberle denegado su solicitud, la acusada en 1947 explotaba una farmacia en Utuado y en ella exhibía la licencia núm. 69, a favor de su esposo, que decía que había sido expedida por la Junta el 15 de julio de 1914 y registrada en el Tomo 1, pág. 59; y que de los records de la Junta correspondientes a los años 1910–1914 y 1914–1917 no aparece que se hubiera expedido licencia alguna a nombre del esposo, y por el contrario demostraba que la licencia núm. 69 había sido expedida a otra persona, o sea Antonio Rodríguez Nazario.

██ La teoría de la acusada en cuanto a este error es que su esposo tiene derecho a ejercer como farmacéutico en Puerto Rico. En sus alegatos las partes discuten ampliamente (1) las varias leyes que regulan la práctica de farmacia desde el 1906 y culminando con la Ley núm. 282 de 1945, y (2) los casos resueltos por este tribunal que surgieron con motivo del hecho de que en 1914 se expidieron fraudulentamente algunas licencias de farmacéuticos. Pero no vemos necesidad alguna de determinar el efecto, si alguno, que tienen las leyes y casos anteriores sobre este procedimiento. Aquí la cuestión envuelta es sencilla y está gobernada por la Ley núm. 282, que ha reemplazado todas las leyes anteriores.

██ El récord demuestra (1) que el esposo no es miembro del Colegio de Farmacéuticos y (2) que su nombre no aparece inscrito en los libros registros de farmacéuticos de la Junta. Por consiguiente no tiene derecho a ejercer la farmacia en Puerto Rico a tenor con la sección 6 de la Ley

núm. 282.(¹)   Si cree que ha sufrido perjuicio por la negativa del Colegio a admitirlo y de la Junta a inscribirlo en sus registros, la sección 6 le concede un remedio.   Mientras tanto, hasta que estas agencias o este Tribunal ordenen su inscripción, no tiene derecho a tomar la justicia por su mano y ejercer como farmacéutico.

█  El segundo señalamiento es que la corte inferior cometió error al rechazar la contención de que la acusada había actuado bajo amenaza, mandato o coerción de su esposo, y por tanto no podía ser convicta del delito imputádole en este caso de conformidad con el artículo 39(9) del Código Penal, ed. de 1937, que reza así:

"Todas las personas son capaces de cometer crímenes, excepto los pertenecientes a las siguientes clases:

"*     *     *     *     *     *     *

"Las mujeres casadas (salvo los casos de *felonies*) cuando obran bajo amenaza, mandato o coerción de sus esposos.   Pero en caso de *felonies*, no quedará exenta de castigo la mujer por haberse sometido al poder de su marido, a menos que de los hechos probados resultare un caso de intimidación."(²)

La acusada invoca la doctrina de la mayoría bajo la Ley Común al efecto de que cuando una mujer casada comete ciertos delitos en presencia de su esposo, se presume que aquélla actuó bajo coerción de éste.   Anotaciones, 4 A.L.R. 266, 271; 71 A.L.R. 1116, 1118.   Sin embargo, de la prueba

---

(¹)La sección 6 dispone como sigue:

"En lo sucesivo no podrá ejercer la profesión de farmacéutico ninguna persona que no sea miembro del Colegio de Farmacéuticos de Puerto Rico y cuyo nombre no esté inscrito en el Registro de Farmacéuticos de la Junta de Farmacia. *Disponiéndose,* que en los noventa (90) días después de aprobada esta Ley tendrán derecho a inscribirse en el Registro de Farmacia todas las personas que para esa fecha estuvieren autorizadas a ejercer la profesión de farmacéutico según legislación vigente al entrar en efecto la presente ley; *Disponiéndose,* que la Junta de Farmacia no inscribirá en el registro ni el Colegio admitirá en su seno a ninguna persona que haya obtenido su alegado derecho a ejercer mediante fraude; *Y disponiéndose* finalmente que las decisiones de la Junta de Farmacia y del Colegio de Farmacéuticos en estos respectos serán apelables directamente ante el Tribunal Supremo de Puerto Rico."

(²)Ésta es una traducción corregida del artículo 39(9).

surge que el esposo no estaba presente cuando el inspector sorprendió a la esposa operando el negocio. De cualquier modo, esta doctrina no ha sido incluída en nuestro Código Penal. El artículo 39(9) no provee para una presunción basada en la presencia del esposo. En consecuencia, es inmaterial el hecho de que su esposo estuviera presente o no. Lo importante es si la esposa actuó bajo su amenaza, mandato o coerción, independientemente de su presencia o ausencia.

▮ La acusada y su esposo declararon que el esposo había impuesto su voluntad a la esposa, y la había amenazado de violencia si ésta no operaba el establecimiento como él le ordenara. Por otro lado, el fiscal declaró en *rebuttal* que durante el juicio en la corte municipal la esposa había dicho en el contrainterrogatorio que su esposo nunca la amenazó ni empleó violencia en relación con el asunto de que aquí se trata, sino que "él usaba la persuación con ella".

La corte de distrito resolvió que la esposa no había actuado bajo amenaza o coerción de su esposo. Aparentemente no dió crédito a la declaración de la acusada ni a la de su esposo a este efecto. No encontramos base alguna para decir que la corte inferior venía obligada a creer el testimonio de la acusada sobre este punto.

▮ En cuanto a la cuestión de si la esposa había actuado bajo "mandato" de su esposo, la corte de distrito dijo que la acusada "trata de interpretar esta frase como aquella petición que el esposo puede hacer a la esposa para que haga determinado acto o no lo haga. Entendemos que los términos en que está redactada la Ley, la palabra 'mandato' supone algo más, el mandato imperativo, la imposición del marido a que la mujer haga determinada cosa. Aquí no se ha probado eso. Entiendo que de la prueba practicada aparece que usted (dirigiéndose a la esposa) *voluntariamente* llevaba y administraba una farmacia, de la que su esposo aparentemente era el facultativo que la regenteaba". (Bastardillas nuestras).

Varios estados tienen leyes como el artículo 39(9). Pero no hemos encontrado caso alguno que discuta las posibles diferencias entre "amenaza o coerción" frente a "mandato". Anotaciones, 4 A.L.R. 266, 280–81; 71 A.L.R. 1116, 1125–26. Véanse 7 Cal. Jur., sec. 19, pág. 861; *People* v. *Worthington,* 38 P. 689, 691 (Calif., 1894). En verdad, muchos de estos casos emplean estas tres palabras conjuntamente como si fueran virtualmente sinónimas. Véanse 106 Am.St.Rep. 721, 726; *Anderson* v. *Commonwealth,* 277, S.W. 1008 (Ky., 1925); *United States* v. *Terry,* 42 Fed. 317 (Calif., 1890); *State* v. *Renslow,* 230 N.W. 316 (Iowa, 1930); *Miller on Criminal Law,* pág. 142, nota 19.

Sin embargo, no puede negarse que "mandato" requiere menos presión por parte del esposo que "amenaza o coerción". Pero una palabra debe leerse en su contexto. Convenimos con la corte de distrito en que en esta Ley la palabra "mandato" significa algo más que una petición. Si un esposo simplemente "persuade" a su esposa a cometer un crimen, la decisión sólo es de ella, por lo que se le puede hacer responsable criminalmente. Para poder invocar el artículo 39(9), la esposa debe probar que obedeció el mandato imperativo del esposo y que ella no ejercitó su propio criterio o voluntad. En efecto, debe demostrar que actuó involuntariamente, el mandato de su esposo sustituyendo su propio criterio o deseos.

▉ La corte inferior resolvió, a base de prueba contradictoria, que el esposo "persuadió" más bien que "ordenó" a la esposa y que ésta actuó "voluntariamente". Nada hay en el récord que justifique nuestra intervención con esta conclusión de hecho. Y con estos hechos probados, el artículo 39(9) no concede defensa alguna a la esposa.

*La sentencia de la corte de distrito será confirmada.*