Barbara **NEAVEILL**,
Defendant-Appellant,

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 1–784A186.**

Court of Appeals of Indiana,
First District.

Feb. 27, 1985.

Robert Canada, Evansville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Presiding Judge.

## STATEMENT OF THE CASE

Barbara Neaveill (Barbara) appeals her convictions, pursuant to jury trial, of Child Molesting, a class C felony;[1] Child Molesting, a class D felony;[2] Conspiracy to Commit Child Molesting, a class C felony;[3]

1. Indiana Code section 35-42-4-3.

2. Indiana Code section 35-42-4-3.

3. Indiana Code sections 35-42-4-3 and 35-41-5-2.

4. Indiana Code section 35-42-4-4.

5. Indiana Code section 35-46-1-3.

Child Exploitation, a class D felony;[4] and Incest, a class D felony.[5] We affirm.

## FACTS

The charges against Barbara are predicated upon aiding and abetting acts of sexual intercourse between Barbara's husband, Dennis Neaveill, and their daughter, E.N., who was older than twelve but under sixteen years,[6] which acts occurred between December 13, 1980, and December 13, 1982; and to aiding and abetting acts of fondling of E.N. by Dennis with intent to arouse or satisfy the sexual desires of Dennis, which acts were photographed by Barbara. As to the incest charge, Barbara was charged with knowingly aiding Dennis in the commission of the crime.

E.N. testified to numerous acts of sexual intercourse between her father and herself, and to acts of fondling of her by her father, during the time periods embraced by the information. She further testified that her mother, Barbara, was present during all of these incidents, photographed some of these occurrences, and that Barbara participated in other sexual acts with Dennis at the same time he was engaged in sexual acts with E.N.

No photographs of any of the incidents involved in the charges were offered in evidence. However, seven other photographs depicting sexual acts involving Dennis, Barbara, E.N., and B.N., a minor son of Barbara and Dennis, which involved other acts at other times, were admitted. According to E.N.'s testimony, Barbara took some of these photographs, and E.N. was present when these pictures were taken.

Barbara presented testimony from a clinical psychologist that she was borderline mentally retarded, having an I.Q. score of 72,[7] was a very passive person and easily

6. E.N. was born December 13, 1966.

7. According to the testimony of the psychologist an I.Q. below 70 is in the mentally retarded range, and there is an error factor of plus or minus 2.2 points. Persons with an I.Q. between 70 and 80 are borderline. Record at 238.

influenced by persons of superior intelligence and stronger will such as her husband. On the other hand, it was stipulated by the parties that Barbara was not under any duress, threat, or intimidation at the time of the acts charged. Record at 240.

E.N. also testified that she did not want to have intercourse with her father, complained to her mother about it and asked her mother to stop it. Barbara's response, according to E.N. was to advise E.N. not to tell anybody. In addition, E.N. testified that Barbara, although present during the sexual acts between Dennis and E.N., never objected or tried to dissuade Dennis from such acts.

### ISSUES

Barbara raises the following issues on this appeal:

1. Whether the trial court erred in refusing defendant Neaveill's tendered instructions which inform the jury that a person who is mentally incapable of forming the requisite intent to commit the offense alleged is not guilty of that offense?

2. Whether the court erred in denying the defendant's motion for a mental examination of her co-defendant/co-conspirator?

3. Whether the court erred in admitting evidence of prior sexual misconduct by the defendant?

4. Whether the court erred in admitting evidence of past sexual conduct of the victim?

5. Whether there was sufficient evidence of probative value from which to convict defendant Barbara Neaveill?

### DISCUSSION AND DECISION

*Issue One*

██ Barbara asserts error in the refusal of her tendered instructions numbered 4 and 5, which dealt with her lack of mental capacity. Instruction 4 stated that if she lacked the mental capacity to oppose the crimes being committed by her husband she was not guilty of aiding and abetting such offenses. However, Barbara did not

assert a defense of insanity. Rather, she attempted to defend by claiming lack of mental capacity to oppose her husband. Low mental capacity, however, is not a defense to a criminal charge. *Brown v. State* (1983), Ind., 448 N.E.2d 10. On the other hand, "[a]ny factor which serves as a denial of the existence of *mens rea* must be considered by a trier of fact before a guilty finding is entered." *Terry v. State* (1984), Ind., 465 N.E.2d 1085, 1088. Mental condition is among those facts which historically have been offered to negate the capacity to form a criminal intent. *Id.*

Here, Barbara presented expert testimony from a clinical psychologist concerning her low mentality, her passive nature, and her high degree of susceptibility to influence by a person of stronger mind and will such as her husband. The trial court instructed the jury:

> "You are instructed that if you find from the evidence that Barbara Neaveill was of less than normal intelligence and/or less than normal willpower either of these standing alone or both taken together are not in and of themselves a defense to any crime.
>
> You may consider such evidence in reaching your verdicts only for the purpose of determining if Barbara Neaveill had the ability to know and appreciate the wrongfulness of her conduct and to form a specific criminal intent where such is required by the elements of a specific charge."

Court's final instruction No. 2. Record at 34.

██ In reviewing the refusal of a tendered instruction, we consider (1) whether the instruction is a correct statement of the law, (2) whether there is evidence to support the giving of the instruction, and (3) whether the substance of the tendered instruction is covered by other instructions which the court gave. *Spears v. State* (1980), 272 Ind. 634, 401 N.E.2d 331, *rehearing granted on other grounds*, 272 Ind. 647, 403 N.E.2d 828; *Davis v. State* (1976), 265 Ind. 476, 355 N.E.2d 836.

■ In view of Barbara's stipulation that she was not under any duress, threat, or intimidation, it is difficult to perceive any evidentiary basis for her tendered instruction 4. Assuming the instruction correctly states the law, which we do not decide, the substance of the instruction was covered adequately by the court's instruction. Refusal of the tendered instruction number 4 was not error. *Hoskins v. State* (1978), 268 Ind. 290, 375 N.E.2d 191; *Zimmerman v. State* (1984), Ind.App., 469 N.E.2d 11.

■ Barbara's tendered instruction number 5 was incomplete and, as a result, meaningless. Barbara concedes a sentence was left out at the end. Thus, the instruction obviously was not a correct statement of the law and was properly refused.

*Issue Two*

Barbara filed a motion requesting a court-ordered mental examination of herself, her co-defendant Dennis,[8] and her daughter, E.N., the alleged victim. She claims error in the denial of her motion.

■ Barbara neither asserted an insanity defense nor claimed to be incompetent to stand trial, either of which would have required the court to appoint qualified psychiatrists, clinical psychologists, or physicians, examine her. *See* Indiana Code section 35–36–2–2 and Indiana Code section 35–36–3–1. Absent such a defense of insanity or claim of incompetency to stand trial, Barbara had no right to compel such examinations. Due process does not require that any expert the defendant believes helpful to his defense be appointed for him at public expense. *Graham v. State* (1982), Ind., 441 N.E.2d 1348. Neither is a defendant entitled to a psychiatric examination of a witness where there is no issue as to that witness's competency. *Staton v. State* (1981), Ind., 428 N.E.2d 1203; *Gosnell v. State* (1978), 268 Ind. 429, 376 N.E.2d 471. There was no suggestion that E.N., the alleged victim, and the only one of the persons for whom a mental examination was sought who testified, was

incompetent. Further, our supreme court has held that a defendant in a sex offense case has no right to subject the victim to a psychiatric examination. *Page v. State* (1980), 274 Ind. 264, 410 N.E.2d 1304, *after remand*, 424 N.E.2d 1021 and 442 N.E.2d 977.

■ Barbara argues she should have been permitted such mental examinations to show she lacked the mental capacity to oppose her husband's will and was unable to oppose the crimes or to knowingly agree to commit the offenses charged. However, Barbara did present evidence to this effect in the testimony of the clinical psychologist who examined her. This evidence was before the jury for their consideration and the jury was adequately instructed on it. In addition, we reiterate that Barbara stipulated she was not under any duress, threat, or intimidation. No error has been shown on this issue.

*Issue Three*

Barbara next contends it was error for the court to admit evidence of her prior sexual misconduct. Specifically, she argues that the photographs depicting her and her husband engaged in sexual acts with their son and daughter should not have been admitted under the depraved sexual instinct exception. We disagree.

■ While ordinarily evidence of other crimes is inadmissible, except to show intent, motive, purpose, identity, or common scheme or plan, Indiana law clearly recognizes an exception for those acts showing a depraved sexual instinct. *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097; *Caccavallo v. State* (1982), Ind., 436 N.E.2d 775; *Puckett v. State* (1982), Ind.App., 443 N.E.2d 77. Indeed, *Caccavallo* involves admission into evidence of photographs depicting oral sex between the child and the defendant. These photographs were admitted under the depraved sexual instinct exception as relevant to prove a charge of having sexual intercourse with a child of twelve. Our

---

8. Dennis Neaveill, Barbara's husband, also was charged.

supreme court said in *Caccavallo*, 436 N.E.2d at 777:

"In the case at bar the victim testified the sexual relationship was a continuing one which existed at the time the photographs were taken; the photographs thus suggest the existence of an intimate sexual relationship between the accused and the victim around the time of the charged offense. The evidence tends to prove the accused had a sexual relationship with the child, which makes more probable the inference that an act of sexual intercourse took place between them on October 31, 1979."

 Here, several of the photographs depicted oral sex acts involving Barbara, Dennis, and their daughter and son, E.N. and B.N. Further, E.N. testified that the sexual acts involving her and her parents had been of an ongoing and continuing nature. Thus, we believe *Caccavallo* is dispositive of this issue, and this is particularly true in view of Barbara's attempt to negate criminal intent.

 It is also the rule that the evidence of other sexual acts need not be identical to the crime charged. It is sufficient if a similar instinct is involved. *Jarrett*, 465 N.E.2d at 1100. As this court said in *Omans v. State* (1980), Ind.App., 412 N.E.2d 305, 311, *trans. denied:*

"Generally, evidence of criminal activity other than that charged is inadmissible on the question of guilt. *Cobbs v. State* (1975), 264 Ind. 60, 338 N.E.2d 632. Yet it is now settled that such evidence is freely admitted to show depraved sexual instinct when sodomy, incest or a similar offense is charged. *Gilman v. State* (1972), 258 Ind. 556, 282 N.E.2d 816. The basis for this exception is that in prosecutions for depraved acts the complaining witness is not likely to be believed inasmuch as the evidence standing alone and entirely unconnected with anything which led to or brought it about would appear unnatural or improbable in itself. *Grey v. State* (1980), [273] Ind. [439], 404 N.E.2d 1348. Thus acts tending to indicate a depraved sexual instinct

are admissible subject only to exclusion for remoteness. *Bowen v. State* (1975), 263 Ind. 558, 334 N.E.2d 691."

 Barbara also argues that the prejudicial effect of the photographs outweighed their relevance. We do not agree. Rulings of the trial court as to relevancy of evidence are accorded wide latitude, and are reviewable only for abuse of discretion. *Caccavallo*. The pictures here were of the same nature as those admitted in *Caccavallo*. There was no abuse of discretion in admitting these photographs.

### Issue Four

Barbara also claims as error the admission of E.N.'s testimony concerning her past sexual conduct. She argues that admission of such evidence violated the rape shield statute, Indiana Code section 35–37–4–4. Barbara did not object at trial to any of E.N.'s testimony concerning her prior sexual conduct. Neither did she offer any objections at trial based upon the rape shield statute. Her only challenge was in her motion in limine which asserted the inadmissibility of such evidence under Ind. Code § 35–37–4–4, and asked the court to exclude any evidence of sex acts involving E.N. which were not charged in the information.

 A motion in limine preserves no question for appellate review. Evidence sought to be excluded by a motion in limine must be objected to at the time of its introduction at trial in order to preserve any issue concerning the admissibility of such evidence. *Collins v. State* (1984), Ind., 464 N.E.2d 1286. Failure to object at trial waives any error. *Lagenour v. State* (1978), 268 Ind. 441, 376 N.E.2d 475.

 Even had Barbara properly objected at trial to evidence of E.N.'s prior sexual conduct, we believe no error would be presented. The purpose of the rape shield statute is to shield the victims of sex crimes, not to protect the defendant. *Forrester v. State* (1982), Ind., 440 N.E.2d 475. In our opinion, an objection based upon the

rape shield statute was not available to Barbara.

### Issue Five

Lastly, Barbara argues the evidence was insufficient to sustain her conviction. In this regard, she claims there was insufficient evidence to rebut the presumption that she acted under coercion of her husband.

 At common law, it was presumed that crimes committed by a married woman in the presence of her husband were committed under his coercion. 21 Am.Jur.2d *Criminal Law* §§ 39, 150 (1981). Earlier Indiana cases have recognized this presumption as to all offenses except murder and treason. *McGregor v. State* (1928), 200 Ind. 496, 163 N.E. 596; *Vukodonovich v. State* (1926), 197 Ind. 169, 150 N.E. 56; *Stadia v. State* (1929), 89 Ind.App. 192, 166 N.E. 25. This rule has been severely criticized as obsolete and inconsistent with present conditions. 21 Am.Jur.2d *Criminal Law* § 150 (1981). We note that the latest pronouncement of this rule in this state was in 1929. We view the presumption as an anachronism from a less-enlightened day when married women were considered more as chattels than as independent human beings possessed of a mind and will of their own. We doubt seriously if our supreme court would adhere to this outmoded rule today, and were it within our power to do, we would reject the common law presumption as the law in this state. Nevertheless, it is clear that the presumption is rebuttable, *McGregor; Vukodonovich.* In fact, "[t]he presumption is often said to be a weak one, rebuttable by slight circumstances ..." 21 Am.Jur.2d *Criminal Law* § 151 (1981). In *Stadia,* 89 Ind.App. at 195, 166 N.E. at 26, the Appellate Court, quoting from 1 Schouler, *Marriage and Divorce,* (6th ed.) §§ 56 and 57, at 79, stated that "[t]he presumption was weak, and slight evidence rebutted it." Here, Barbara's stipulation that she was under no duress, threat, or intimidation effectively rebutted the presumption.

 In reviewing challenges to the sufficiency of the evidence we neither weigh the evidence nor judge the credibility of witnesses. We consider only that evidence most favorable to the verdict, and if there is evidence of probative value, together with reasonable inferences drawn therefrom, which supports the verdict, the conviction will not be set aside. *Dixon v. State* (1982), Ind., 437 N.E.2d 1318; *Sanders v. State* (1981), Ind., 428 N.E.2d 23. Viewed from the perspective of appellate review, the evidence was sufficient to establish as to Counts I, II, and V, that Barbara aided and abetted her husband in committing the offenses of child molesting and incest, that she conspired with him to commit child molesting; and that she committed child exploitation.

Judgment affirmed.

NEAL and ROBERTSON, JJ., concur.